UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| V. | ) | Case No. 20CR126(JBA)(WIG) |
| ASANTE GAINES | ) | |
| | ) | |

## MOTION FOR DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

The United States respectfully moves for pretrial detention pursuant to:

- ■ **18 U.S.C. § 3142(f)(1) because the case involves–**

    - ■ **(A)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    - ☐ **(B)** an offense for which the maximum sentence is life imprisonment or death;

    - ☐ **(C)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 § 951 et seq.), or Chapter 705 of Title 46;

    - ☐ **(D)** any felony, and the defendant has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses;

    - ☐ **(E)** any felony that is not otherwise a crime of violence that involves a minor victim or that

1

involves the possession or use of a firearm or destructive device (as those terms are defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250.

- **18 U.S.C. § 3142(f)(2) because the case involves–**
    - **(A)** a serious risk that the defendant will flee;
    - **(B)** a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror.

### Part II - Presumptions under § 3142(e)

- ☐ **(A) Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
    - ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
        - ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
        - ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
        - ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

- ❐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
- ❐ **(e)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; and

❐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.§ 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

❐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

❐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ❐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ❐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ❐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ❐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ❐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

## Part III

The United States requests that the defendant be detained, and requests that the court find:

- ■ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.
- ■ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following:

- ■ Weight of evidence against the defendant is strong
- ■ Subject to lengthy period of incarceration if convicted
- ■ Prior criminal history
- ■ Participation in criminal activity while on probation, parole, or supervision

- ■ History of violence or use of weapons
- ❏ History of alcohol or substance abuse
- ■ Lack of stable employment
- ❏ Lack of stable residence
- ❏ Lack of financially responsible sureties
- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ■ Prior failure to appear in court as ordered
- ■ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ■ Prior violations of probation, parole, or supervised release

❏ OTHER REASONS OR FURTHER EXPLANATION:

## Part IV

The United States requests that the court conduct the detention hearing:

- ☐ at the defendant's first appearance;
- ☒ after a continuance of 3 days, to the extent not otherwise postponed because of defendant's present incarceration on unrelated state charges.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/ Jocelyn Courtney Kaoutzanis

Jocelyn Courtney Kaoutzanis
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. 30426
US Attorney's Office
Bridgeport Office
1000 Lafayette Blvd., 10th Fl.
Bridgeport, CT 06604
Tele: (203) 696-3000
Fax: (203) 579-5575

CERTIFICATION OF SERVICE

A copy of this motion was filed on ECF on this August 11, 2020.

/s/ Jocelyn Courtney Kaoutzanis

Jocelyn Courtney Kaoutzanis
ASSISTANT UNITED STATES ATTORNEY